UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALBERT ROBINSON #602273,

    Plaintiff,

v.                                                Case No. 2:17-cv-130
                                                  HON.  JANET T. NEFF

CHRISTINE HENSEN,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Albert Robinson filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Duncan Hensen.  Plaintiff alleges that Defendant Hensen retaliated against him in violation of the First Amendment, as well as denied him due process, and discriminated against him in violation of Fourteenth Amendment.[1]  Defendant Hensen has filed a motion for summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies.  (ECF No. 13).  Plaintiff filed a response brief.  (ECF No. 16).  This matter is ready for decision.

Plaintiff's claims arise from a series of events that occurred between December 2015 and May 2016 at Chippewa Correctional Facility (URF).  On December 15, 2015, Plaintiff checked out a book at the prison library. Plaintiff rechecked out the same book on December 29, 2015.  On January 13, 2016, Plaintiff received an overdue notice. The next day, Plaintiff wrote a letter to the librarian stating that he turned in the book.  On January 20, 2016, Plaintiff received a second overdue notice.  On January 29, 2016, Plaintiff received a Class II Misconduct, charging

---

[1] Although Plaintiff alleges in his response brief that this case also involves an access to courts claim, Plaintiff failed to assert any such claim in his complaint.

him with misuse or destruction of property related to the book. At the misconduct hearing on February 4, 2016, the hearing officer talked to Defendant Hensen and Defendant Hensen said that the book was never returned. Plaintiff was subsequently found guilty on the misconduct. He was sentenced to three days "Top-Lock." Plaintiff appealed the misconduct, but his appeal was rejected.

On May 5, 2016, Plaintiff had an appointment to get his haircut. Because his haircut appointment ran a little long, Plaintiff was thirteen minutes late to his law library appointment. After showing up late to the law library, Defendant Hensen ordered Plaintiff to leave. Plaintiff claims that white inmates are allowed to stay at the law library even when they show up late.

On June 28, 2016, Plaintiff spoke with another prison librarian and a supervisor. The supervisor confirmed that the book was in the library and had been checked back in on February 3, 2016.

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co.,*

*Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

A prisoner's failure to exhaust his administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove. *Jones v. Bock*, 549 U.S. 199, 212-216 (2007). A moving party without the burden of proof need show only that the opponent cannot sustain his burden at trial. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The United States Court of Appeals for the Sixth Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Pursuant to the applicable portion of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C.

§ 1983 must exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must first exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218-19. In rare circumstances, the grievance process will be considered unavailable where officers are unable or consistently unwilling to provide relief, where the exhaustion procedures may provide relief, but no ordinary prisoner can navigate it, or "where prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 136 S.Ct. 1850, 1859-1860 (2016).

MDOC Policy Directive 03.02.130 (effective July 9, 2007), sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint. Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control. *Id.* at ¶ P. If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. *Id.* at ¶¶ P, V. The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶ V. The Policy Directive also provides the following directions for

completing grievance forms: "The issues should be stated briefly but concisely. Information provided is to be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R (emphasis in original). The Sixth Circuit has explained:

> [A] prisoner ordinarily does not comply with MDOCPD 130—and therefore does not exhaust his administrative remedies under the PLRA—when he does not specify the names of each person from whom he seeks relief. *See Reed-Bey v. Pramstaller*, 603 F.3d 322, 324-25 (6th Cir. 2010) ("Requiring inmates to exhaust prison remedies in the manner the State provides—by, say, identifying *all* relevant defendants—not only furthers [the PLRA's] objectives, but it also prevents inmates from undermining these goals by intentionally defaulting their claims at each step of the grievance process, prompting unnecessary and wasteful federal litigation process."). An exception to this rule is that prison officials waive any procedural irregularities in a grievance when they nonetheless address the grievance on the merits. *See id*. at 325. We have also explained that the purpose of the PLRA's exhaustion requirement "is to allow prison officials 'a fair opportunity' to address grievances on the merits to correct prison errors that can and should be corrected to create an administrative record for those disputes that eventually end up in court." *Id*. at 324.

*Mattox v. Edelman*, 851 F.3d 583, 590-91 (6th Cir. 2017).[2]

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response, or if no response was received, within ten days after the response was due. *Id.* at ¶¶ T, BB. The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator

---

[2] In *Holloway v. Mclaren*, No. 15-2184 (6th Cir., April 7, 2016) (unpublished), the Sixth Circuit concluded that where a plaintiff fails to name each defendant in his grievance, the un-named defendants may not be dismissed for failure to exhaust grievance remedies if the MDOC did not reject the grievance under the policy requiring a grievant to name each individual involved. The Sixth Circuit stated: "Because MDOC officials addressed the merits of Holloway's grievance at each step and did not enforce any procedural requirements, Holloway's failure to identify the defendants named in this lawsuit and to specify any wrongdoing by them in his grievances cannot provide the basis for dismissal of his complaint for lack of exhaustion." *Id*. at 3. In *Mattox*, the Sixth Circuit held that a prisoner may only exhaust a claim "where he notifies the relevant prison . . . staff" regarding the specific factual claim "giving the prison staff a fair chance to remedy a prisoner's complaints." 851 F.3d at 596. For example, grieving a doctor about his failure to give cardiac catheterization failed to grieve the claim that the doctor erred by not prescribing Ranexa.

for a medical care grievances. *Id.* at ¶ DD.  If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form.  *Id.* at ¶¶ T, FF.  The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due.  *Id.* at ¶¶ T, FF.  The Grievance and Appeals Section is the respondent for Step III grievances on behalf of the MDOC director.  *Id.* at ¶ GG.  "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall generally be completed within 120 calendar days unless an extension has been approved . . . ." *Id.* at ¶ S.

Defendant Hensen identifies four grievances that are relevant to Plaintiff's claims in this case.  However, in his complaint, Plaintiff stated that he exhausted his administrative remedies on his claims through five grievances.  Thus, the undersigned will address all five of the grievances. Two of the grievances—URF-1603-0994-14f, (PageID.161-167), and URF-1604-1599-15c, (PageID.149-155)—are not related to any of the claims in this case.  At Step I in both of these grievances, Plaintiff complained that he sent multiple photocopy requests with attached documents to the library but that the library did not receive all of the attached documents.  Defendant Hensen was not named in the grievances but she was the Respondent at Step I.  Plaintiff does not offer any explanation as to how these two grievances exhaust his claims in this case.

Next, Plaintiff filed one grievance related to Defendant Hensen ordering him to leave the law library. Plaintiff filed URF-1605-1902-14a on May 5, 2016. (PageID.144-148).  At Step I, Plaintiff alleged that Defendant Hensen ordered him to leave the law library after he showed up thirteen minutes late. Plaintiff further alleged that Defendant Hensen was acting in retaliation for past grievances. This grievance was denied at Step I. Plaintiff appealed the grievance through

Step III.  In the opinion of the undersigned, Plaintiff exhausted his administrative remedies on his retaliation claim stemming from Defendant Hensen ordering him to leave the law library on May 5, 2016.

Finally, Plaintiff filed two grievances related to the missing book and the misconduct charging him with misuse or destruction of property.  The first grievance—URF-1601-0324-28e—was filed on January 20, 2016. In this grievance, Plaintiff complained that he returned the book on January 4, 2016, and that the librarian was retaliating against him for a grievance that he wrote in 2015. Plaintiff also stated that he wrote a kite to the librarian and that he "received a response to that kite on 1-20-16." According to Plaintiff, this grievance was rejected at Step I as untimely.[3]  Notably, Plaintiff did not appeal this grievance through Step III.  Because Plaintiff did not appeal this grievance through Step III, the grievance does not exhaust any of the claims in case.

The second grievance—URF-1607-2516-28e—was filed on July 2, 2016. (PageID.139-143). In this grievance, Plaintiff wrote that he checked out a book on December 15, 2015 and that he returned the book to the library on January 4, 2016.  Plaintiff alleged that "Mrs. Hensen claims to have never received the book."  Because the book was never returned, Plaintiff received a misconduct.  Plaintiff alleged that the hearing officer called Defendant Hensen during the hearing on February 4, 2016, and that Defendant Hensen told the officer that the book was never returned.  Plaintiff further explained that on June 28, 2016 "he asked a worker/prisoner to check to see if the book was in, it was, so [Plaintiff] spoke to Mrs. Goldberg who stated [the] book was checked in to the computer on 2-3-16."  This grievance was rejected as untimely. Plaintiff appealed the grievance through Step III.

---

[3] Defendant Hensen did not attach this grievance or the response to her motion because Plaintiff did not appeal it to Step III.

Plaintiff argues that the MDOC should not have rejected the grievance as untimely. In support of this argument, Plaintiff states that he filed the grievance immediately after he found out that the book was checked back into the library on February 3, 2016. Plaintiff further contends that this new information confirmed that Defendant Hensen lied during the misconduct hearing, thus, Plaintiff had a valid reason for the delay and he filed the grievance "after becoming aware of a grievable issue." But "whether the MDOC properly rejected Plaintiff's grievance as untimely is not a matter for this Court to resolve." *Kares v. McKee*, 2016 WL 5478494, at *4 (W.D. Mich. Jul. 20, 2016) *R&R adopted* 2016 WL 5478494 (W.D. Mich. Sept. 28, 2016)(Neff, J.).

Nonetheless, even if the Court were to consider whether Plaintiff's grievance was properly rejected, the outcome would be the same. From the beginning, Plaintiff believed that he received the overdue notices in January 2016 in retaliation for past grievances. That is precisely what Plaintiff alleged in his first grievance that he filed on January 20, 2016—"This is retaliation for a grievance I wrote in 2015. [T]his is the 2nd time they are claiming I lost a book." (PageID.21). Plaintiff is correct that some of the alleged retaliatory acts did not occur until after he filed the first grievance, such as the misconduct hearing occurring on February 4, 2016. But the last alleged retaliatory conduct related to this claim occurred at the misconduct hearing or shortly thereafter.. Notably, Plaintiff waited four months to see if the book was ever returned to the library, but he does not offer any explanation for the delay. In sum, Plaintiff has failed to demonstrate that there exists a genuine factual issue on the question whether prison officials properly rejected his grievance as untimely.

Accordingly, the undersigned recommends that Defendant Hensen's motion for summary judgment on the issue of exhaustion (ECF No. 13) be granted in part and denied in part.

-9-

Thus, Plaintiff's only remaining claim is the retaliation claim stemming from Defendant Hensen ordering him to leave the law library on May 5, 2016.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: December 28, 2018

 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE