UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALBERT REGINALD ROBINSON,

    Plaintiff,

v.

    Case No. 2:17-cv-130

    HON. JANET T. NEFF

CHRISTINE HENSEN,

    Defendant.
_____/

## OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendant retaliated against him in violation of the First Amendment, denied him due process, and discriminated against him based on race in violation of the Fourteenth Amendment. Defendant filed a motion for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending the motion be granted in part and denied in part. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

Plaintiff presents five objections to the Report and Recommendation. First, Plaintiff asserts that the Magistrate Judge "refused to acknowledge my equal protection/racism claim" (Pl. Obj., ECF No. 23 at PageID.219). Plaintiff's objection lacks merit. The Magistrate Judge expressly

referenced Plaintiff's allegation that Defendant "discriminated against him in violation of the Fourteenth Amendment" (R&R, ECF No. 22 at PageID.210).

Second, Plaintiff asserts that the Magistrate Judge's "opinion doesn't quote that Plaintiff did file the grievance URF-1607-2516-28e timely" (Pl. Obj., ECF No. 23 at PageID.219). Plaintiff's objection again lacks merit. The Magistrate Judge expressly indicated that "Plaintiff argues that the MDOC should not have rejected the grievance as untimely" (R&R, ECF No. 22 at PageID.217).

Third, Plaintiff references the relevant policy directive, which obligates a grievant to "attempt to resolve" a grievable issue, opining that "[this] is what plaintiff did" (Pl. Obj., ECF No. 23 at PageID.219). Plaintiff's objection, to the extent it challenges the content of the Report and Recommendation, lacks merit. The Magistrate Judge expressly described Plaintiff's grievances at issue in this case (R&R, ECF No. 22 at PageID.215-217).

Fourth, Plaintiff argues that the Magistrate Judge erred in "refus[ing] to add [Plaintiff's due process] claims to the civil action" (Pl. Obj., ECF No. 23 at PageID.219). Plaintiff's objection lacks merit. The Magistrate Judge did not "refuse to add" Plaintiff's due process claims but found that the only claim Plaintiff exhausted is his retaliation claim stemming from Defendant Hensen ordering him to leave the law library on May 5, 2016 (R&R, ECF No. 22 at PageID.218).

Last, Plaintiff asserts that in stating that "Plaintiff waited four months to see if the book was ever returned…" (R&R, ECF No. 22 at PageID.217), the Magistrate Judge "recharacterized my pleading" (Pl. Obj., ECF No. 23 at PageID.220). According to Plaintiff, he "checked periodically and the book only showed up on June 28, 2016" (*id.*). Plaintiff opines that Defendant "Hensen had the book" and that Defendant "Hensen used machination to hinder my grievance process by lying in retaliation" (*id.*, citing *Ross v. Blake*, 136 S. Ct. 1850 (2016)).

Plaintiff's argument does not demonstrate either factual or legal error in the Magistrate Judge's exhaustion analysis. As the Magistrate Judge indicated, Grievance URF 1607-3516-28e was rejected as untimely, and "whether the MDOC properly rejected Plaintiff's grievance as untimely is not a matter for the Court to resolve" (R&R, ECF No. 22 at PageID.216-217). *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules."). While the Supreme Court has indicated that the administrative process is rendered unavailable when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation," *Ross* at 1859-60, Plaintiff's argument is insufficient to create a genuine dispute of material fact as to whether the administrative process was unavailable to him.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 23) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 22) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 13) is GRANTED IN PART and DENIED IN PART for the reasons stated in the Report and Recommendation. Specifically, Plaintiff's only remaining claim is the retaliation claim stemming from Defendant Hensen ordering him to leave the law library on May 5, 2016.

3

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.


Dated: March 28, 2019 　　　　　　　　　　　　　　　　　　／s／ Janet T. Neff　　　　　　
　　　　　　　　　　　　　　　　　　　　　　　　　　　JANET T. NEFF
　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge