UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALBERT REGINALD ROBINSON #602273,

    Plaintiff,

v.

CHRISTINE HENSEN,

    Defendant.

_____/

Case No. 2:17-cv-00130

Hon.  Janet T. Neff
U.S. District Judge

## REPORT AND RECOMMENDATION

### I. Introduction

This is a civil rights action brought by state prisoner Albert Reginald Robinson pursuant to 42 U.S.C. § 1983.  Robinson alleges that Defendant Christine Henson, who was employed by the Michigan Department of Corrections (MDOC) as a law library clerk, retaliated against him in violation of his First Amendment rights.  On March 28, 2019, the Court dismissed Robinson's due process and equal protection claims.  (ECF No. 26.)

The facts of the case are not complicated.  On May 5, 2016, Robinson had an appointment for a haircut.  Robinson says that his haircut appointment ran a little long, which caused him to be thirteen minutes late to his law library appointment. Defendant Hensen ordered Robinson to leave the law library because he arrived too late.  Robinson says that Defendant Henson ordered him out of the library in retaliation for his grievance filings and because he called her a racist.

Defendant Henson moves for summary judgment and argues (1) that Robinson's claim fails because he was thirteen minutes late for his library call-out and the operating procedures provide prisoners with only a ten minute grace period to arrive for a scheduled call-out, and she simply enforced the rule; (2) that Robinson was subsequently allowed back in the library numerous times; (3) that Robinson's assertion of adverse action amounts to only a de minimis deprivation that is not actionable; (4) that Robinson cannot show that Defendant asked him to leave the library due to his protected conduct; and (5) that she is entitled to qualified immunity because Robinson cannot establish that his clearly established constitutional rights were violated by Defendant.

Robinson asserts that his deposition transcript should not be used against him because it was not properly transcribed and that a genuine issue of material fact precludes summary judgment. In addition, Robinson says that other white inmates were allowed to stay in the library after they arrived late for their call-outs.

The undersigned has reviewed the materials filed by the parties. It is respectfully recommended that Court grant Defendant's motion for summary judgment and dismiss this case.

**II.  Factual Allegations**

Robinson says that on May 5, 2016, he had a barbershop appointment scheduled from 6:00 PM to 6:20 PM, and a law library appointment scheduled from 6:20 PM to 8:20 PM.  (ECF No. 1, PageID.9.)  Robinson says that his haircut took until 6:33 PM.  (*Id*.)  He says that he walked 25 feet to the law library and arrived

at 6:33 PM.  (*Id.*)   Robinson alleges that he turned in his identification card and sat down at the computer station to begin his legal work.  (*Id.*)

At that point, Defendant Henson yelled to Robinson that he was late.  (*Id.*) Robinson replied that he was late because two people were ahead of him to get haircuts and his barbershop call-out ran late.  (*Id.*)   Robinson says that Defendant Henson stated that Robinson did not ask for permission to have his hair cut.  (*Id.*) Robinson responded that he was not aware that he needed to ask her.  (*Id.*) Robinson says that Henson told him to leave because he was out of place.  (*Id.*)

Robinson says that on June 19, 2017, a 58-year-old white prisoner came to the library and a different librarian, not Defendant Henson, asked him why he was late. He responded that he was "talking to the officers at the desk, shootin the shit."  (*Id.*, PageID.10.)   After that prisoner acknowledged that "I'm only a little late," the librarian allowed him to stay in the law library.  (*Id.*)

Robinson filed a grievance on this issue, which was denied.  The step I response explained the reason for the denial:

> **SUMMARY**
> Prisoner Robinson arrived to his law library callout on 5/5/16 after the start time of 1820. URF OP 04.04.130 states that a prisoner has a 10 minute window to report to a callout (i.e. Prisoner Robinson could have arrived from 1810 to 1820) but that prisoners cannot arrive late. Robinson was thus out of place and instructed to return to his Unit. I see no evidence of retaliation against this prisoner.

(ECF No. 1-4, PageID.28.)

### III.  Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Kocak v. Comty. Health Partners of*

*Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

**IV.  Retaliation**

The remaining issue in this case is whether Defendant Henson retaliated against Robinson by telling him to leave the library after he was thirteen minutes late for his library call-out.[1] Defendant Henson argues that when she asked Robinson to leave the law library, she was applying the prison operating procedure, which does not allow prisoners to be late for call-outs.

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to support a First Amendment retaliation claim, a plaintiff

---

[1]  Defendant Henson did not submit an affidavit. She relies on the prison policy and excerpts from Robinson's deposition – which Robinson asserts were inaccurately transcribed – to support the arguments in her brief. (ECF No. 40-1, PageID.277-282, ECF No. 40-2, PageID.40-2, PageID.283-289, and ECF No. 45, PageID.295-296.)

must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). "If the defendant can show that he would have taken the same actin in absence of protected activity, he is entitled to prevail on summary judgment." *Thaddeus-X*, 175 F.3d at 399.

As Defendant argues, this case is analogous to *Meeks v. Schofield*, 625 F. App'x 697, 701-702 (6th Cir. 2015). In that case, the Sixth Circuit held that getting kicked out of the law library on one occasion was a de minimis act that fails to rise to the level of adverse conduct. *Id.* In the opinion of the undersigned, Robinson cannot show that an adverse action was taken against him when he was kicked out of the law library after he was admittedly late for his appointment.

Further, Robinson has failed to establish that Defendant Henson acted with retaliatory intent. Rather, the facts establish otherwise. Defendant Henson applied prison operating procedure 04.04.130, which states that prisoners may not arrive late for call-outs. The procedure states:

> Prisoners will be allowed a ten-minute grace period to report to a call-out, (i.e. for call-outs at 0800 hours; prisoner must report no earlier than 0750 however, he is expected to report no later than 0800). This grace period applies to returning to assigned housing unit from call-out, (i.e. he has 10 minutes to report back to unit after his detail ends). Violation of this ten-minute grace period may be subject to disciplinary action.

(ECF No. 40-1, PageID.280.)

The fact that another prison employee allowed another prisoner to stay in the library after arriving late for his call-out does not support Robinson's retaliation claim against Defendant Henson.

### V. Qualified Immunity

As an alternative argument, Defendant Henson moves for qualified immunity from liability. "Under the doctrine of qualified immunity, 'government officials performing discretionary functions generally are shielded from liability from civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Phillips v. Roane County*, 534 F.3d 531, 538 (6th Cir.2008) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Determining whether the government officials in this case are entitled to qualified immunity generally requires two inquiries: "First, viewing the facts in the light most favorable to the plaintiff, has the plaintiff shown that a constitutional violation has occurred? Second, was the right clearly established at the time of the violation?" *Id.* at 538-39 (citing *Silberstein v. City of Dayton*, 440 F.3d 306, 311 (6th Cir.2006).

"A right is 'clearly established' for qualified immunity purposes if 'it would be clear to a reasonable officer that his conduct was unlawful in the situation he

confronted.'" *Humphrey v. Mabry*, 482 F.3d 840, 847 (6th Cir. 2007) (quoting *Saucier v. Katz*, 533 U.S. 194, 202, 121 S. Ct. 2151, 2156 (2001)). The inquiry whether the right was clearly established "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Saucier*, 533 U.S. at 201, 121 S. Ct. at 2156; *see also Plumhoff v. Rickard*, 572 U.S. 765, 779, 134 S. Ct. 2012, 2023 (2014) (directing courts "not to define clearly established law at a high level of generality, since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced") (internal quotation marks and citations omitted). Thus, the doctrine of qualified immunity "protects all but the plainly incompetent or those who knowingly violate the law." *Humphrey*, 482 F.3d at 847 (internal quotation marks omitted).

"The relevant inquiry is whether existing precedent placed the conclusion" that the defendant violated the plaintiff's rights "in these circumstances 'beyond debate.'" *Mullenix v. Luna*, 36 S.Ct. 305, 309 (2015), citing *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). The Sixth Circuit's decision in *Meeks*, 625 F. App'x 697, 701-702, finding that a one time denial of law library access is not adverse conduct makes it clear that Defendant Henson did not violate clearly established law when she told Robinson to leave the library due to being late for his call-out. In the undersigned's opinion, Defendant Henson is entitled to the defense of qualified immunity from liability.

### VI.   Recommendation

It is respectfully recommended that the Court grant Defendant's motion for summary judgment and dismiss this case.

NOTICE TO PARTIES:   Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.   28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).   Failure to file timely objections constitutes a waiver of any further right to appeal.   *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).   *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:   May 11, 2020  /s/ *Maarten Vermaat*
MAARTEN VERMAAT
U.S. MAGISTRATE JUDGE